Parker, C. J.
The attachment made by the sheriff was incomplete, for want of removing the machines, or of giving such notice of the attachment, by placing them in the custody of a servant, as would have prevented a second attachment.
They must be considered as personal property; because, although in some sense attached to the freehold, yet they could be easily disconnected, and were capable of being used in any other building erected for similar purposes. It is true that the relaxation of the *305 ancient doctrine respecting fixtures has been in favor of tenants against landlords ; but the principle is correct in every point of view; and it is to be considered, where they are removed from the reality by an officer, who takes them for the debt of the tenant, that they go substantially to his use.
The mortgagees of the building and privilege, not being in possession, had no possession of the machines, which were therefore liable for the debts of the mortgagor.
Whether the deputy sheriE, who made the second attachment, did right in satisfying posterior executions out of this property, before the plaintiE’s, is a matter to be settled between him and his master, and not a subject of inquiry in the present case. For the sheriE, having had it in his power to attach, and having returned * that he did attach, is liable for not having the machines to satisfy the plaintiE’s execution, (a)

Judgment according to ike verdict.

 [2 Kent, 3d ed. 343, 345. — Walker vs. Sherman, 20 Wend. 636. — Morgan vs. Arthur, 3 Watts, 140.— Lemar vs. Miles, 4 Watts, 330.— Greene vs. Malden, 10 Pick. 504. — Kirwan vs. Latour, 1 Harr. Johns. 284.—Farrar vs. Stackpole, 6 Greenl. 154. — Powell vs. Monson and Brimfield Manufacturing Company, 3 Mass. 459.— Cresson vs. Stout, 17 Johns. 116.— Tobias vs. Francis, 3 Verm. 425. — Swift vs. Thomson, 9 Conn. 63.— Winslow vs. The Merchants Ins. Co. 4 Met. 306. — Ed.]