ORANGE SPECIAL TERM, November, 1850.    *Brown*, Justice.

## VANDERPOEL *vs.* VAN ALLEN and others.

Property, consisting of various articles of machinery for carding, spinning, twisting, balling, preparing and packing cotton yarn and twine, situated in a cotton-mill, was claimed by the plaintiff as *fixtures*, by virtue of a mortgage executed by the defendant upon the mill in which it was situated; and it was claimed by creditors of the mortgagor, under an execution issued against his property, and under a chattel mortgage, as being *chattels*. The property stood upon the floor of the mill, over the apertures or openings therein, made for the passage of the leather bands or belts by which it was moved, and was not fastened to the building, otherwise than by such belts and bands, and in some cases by cleats tacked to the floor to make it level; the bands being used for motion, and not for fastening; and each machine being capable of removal, without injury to itself, or to the building. *Held* that the property was not attached to the building in such a manner as to bring the articles within the denomination of *fixtures*.

THIS action was brought to foreclose a mortgage, executed by the defendant, Reuben Van Allen, and wife, and Gilbert R. Van Allen, upon premises at Salisbury Mills. There were two water privileges on the premises, with dams; connected with the one of which was a paper mill and saw mill, and with the other a cotton factory. Powell, Ramsdell and Moore were the only defendants who appeared. They were made parties as judgment creditors of the mortgagors. At the time of commencing the ⟨ac⟩tion. they had levied upon the machinery in the cotton-factory and other m̊ills, ⟨cl⟩aiming a right to sell it under an execution as the personal property o⟨f th⟩e defendant Van Allen; and also claiming to hold a part of the machinery in ⟨th⟩e cotton factory under a chattel mortgage executed by R. & G. R. Van Allen. The plaintiff, to stay the sale, obtained an injunction, on commencing his foreclosure suit, to restrain any interference with the machinery as personal property, claiming that as mortgagee of the realty he was entitled to have it applied upon his mortgage. Upon this point alone the defendants Powell, Ramsdell and Moore joined issue with the plaintiff.

*Smith & Vanderpoel*, for the plaintiff.  I.  The machinery in the factory upon the mortgaged premises was so annexed to the freehold by the owners, as to become fixtures, and must be treated as a part thereof, as between heir and executor, vendor and vendee, and mortgagor and mortgagee, at common law. (1.) As between them the maxim *quicquid plantatur solo, solo cedit*, applies.  (2.) The cases which allow a departure from this maxim, in favor of tenants and persons having only a transitory interest in the land, do not apply.  (*Day* v. *Perkins*, 2 *Sandf. Ch.* 359.)  (3.) Fixtures are defined by Chancellor Kent to be "things fixed in a greater or less degree to the realty."  The case of *Walker* v. *Sherman*, (20 *Wend.* 636,) seems to establish the rule that in this state, to constitute a fixture, the two characteristics of adaptation to the enjoyment of the realty, and annexation to it, must concur, although where the former characteristic is present, the *slightest* fastening will be sufficient to constitute the latter.  (4.) In this case the chief value of the land consists in its water power, and the owner has sought to procure the more beneficial enjoyment of it, by erecting buildings and placing therein water wheels and machinery for manufacturing purposes, conducting the water power to them by means of dams and flumes.  The principal thing shall not be destroyed by taking away the accessory.  (5.) This machinery is all attached to, and connected with, the buildings and water power by fastenings adapted to the purpose, or is connected with the permanent machinery by bands, and its operations are dependant thereon.  In *Cruise on Real Property, p.* 46, § 47, *new ed.* it is declared to be a rule in regard to chattels as pertaining to the realty, " that things personal in their nature but fitted and prepared to be used with real estate and *essential to its beneficial enjoyment, having been fixed to the realty or used with it, and continuing to be so used, become parts* of the lands *accessione et destinatione*, and pass with it by a deed of conveyance."  Judge Cowen, in 20 *Wend.* 655, says, after a critical examination of all the cases, " I am not prepared to deny, that a machine, moveable in itself, would become a fixture from being connected in its operations by bands, or in any other

Vanderpoel v. Van Allen.

way, with the permanent machinery of the mill, though it might be detached and restored to its ordinary place as easily as the chain in *Farrar* v. *Stackpole. I think it would be a fixture notwithstanding.*" See also *Farrar* v. *Chauffetete*, (5 *Denio*, 530 ;) *Farrar* v. *Stackpole*, (6 *Greenl.* 157 ;) *Winslow* v. *Merchants' Ins. Co.* (4 *Metc.* 306 ;) *Bratton* v. *Clawson*, (2 *Strob.* 478 ;) *Dispatch Line of Packets* v. *Bellamy Man'g. Co.* (12 *N. Hamp. Rep.* 205 ;) *Powell* v. *Stryker*, (2 *Law Rep. N. S.* 366 ;) *Voorhis* v. *Freeman*, (2 *Watts & Serg.* 116 ;) *Pyle* v. *Pennock*, (2 *Id.* 390 ;) *House* v. *House*, (10 *Paige*, 165 ;) *Day* v. *Perkins*, (2 *Sandf. Ch. Rep.* 359 ;) *Fisher* v. *Dixon*, (12 *Clark & Fin.* 312 ;) *Tarrant* v. *Thompson*, (2 *Dow & Ry.* 1.)

II. The plaintiff, as mortgagee of the lands, tenements and hereditaments, is entitled to have all the fixtures and additions in the nature of fixtures, applied to the satisfaction of his mortgage debt. Fixtures are embraced by a mortgage, and a bill to restrain waste by their removal may be filed. (*Robinson* v. *Preswick and others*, (3 *Edw.* 246.) As between mortgagor and mortgagee, fixtures put up for manufacturing, on property leased for years, are included in, and pass by, a deed of the realty. (*Day* v. *Perkins*, 2 *Sandf. Ch. Rep.* 359.) So, fixtures erected on mortgaged land by the mortgagor, are annexed to the freehold, and can not be removed by him before the mortgagor is paid. (*Butler* v. *Page*, 7 *Metc.* 40.) *Winslow* v. *Merchants' Ins. Co.* (4 *Id.* 306,) establishes that the rule is the same, whether they are affixed on the premises before or after the execution of the mortgage. (*See* 2 *Mont. D. & De Gex*, 443 ; *Hayes*, 154 ; *Bac. Abr.* 163.)

*John J. Monell*, for the defendants Powell and others. I. By the revised statutes, it is declared that " things annexed to the freehold, or to any building, for the purpose of trade or manufacture, and not fixed into the wall of a house so as to be essential to its support," shall be appraised as personal property, and go to the administrators or executors of the deceased. (2 *R. S.* 83, § 6.) The revisers say in an original note, that the above section was passed, in order that the law in relation to fixtures,

about which there had been conflicting decisions by the courts, should be permanent, and that the same legal character should be given to an article without reference to the parties in controversy ; and that certain fixtures which had been deemed chattels as between landlord and tenant, should be considered in the same light between executor and heir. (3 *R. S. p.* 639, *note to* § 6.) The rule as between vendor and vendee, and mortgagor and mortgagee, is now, and always was, the same as between the heir and executor. (6 *Cowen,* 668. 5 *Denio,* 531. 20 *Wend.* 636.)

II. In the partition of real estate between tenants in common, it was held that, " *two double carding machines, a picking machine, a shearing machine, a spinning machine and looms,*" were personal property, and the case was decided upon the same principle as if the question had arisen between grantor and grantee. (20 *Wend.* 636.) In *Cresson* v. *Stout,* (17 *John.* 116,) a frame for spinning tow, and two carding machines, were held to be personal property, (as between vendor and vendee,) although attached to the building and fastened by cleats. A cider mill has been held to be personal property, as between tenant and landlord. (20 *John.* 29.) So of a bark mill, as between vendor and vendee. (6 *Id.* 5.) And machinery erected for manufacturing purposes, on timbers imbedded in the ground and fastened by bolts and screws, was held to be personal property. (*Farrar* v. *Chauffetete,* 5 *Denio,* 531.) Machinery in a woolen factory, has also been held to be personal. (11 *Verm. Rep.* 433.) In *Gale* v. *Ward,* (14 *Mass. Rep.* 352,) a machine which took four men to lift, which was connected by bands that could be thrown off, and which could not be taken out of the door till it was taken apart, was held to be personal property, as between mortgagor and mortgagee. (*See also Taylor* v. *Townsend,* 8 *Mass. Rep.* 416.) So as to cotton machinery, fastened to the floor by wooden screws set in the floor. (9 *Conn. Rep.* 63.) The machinery in question here, was put up for the purpose of trade, and not for the permanent improvement of the freehold. It can be removed without injury to the freehold, and was neither really, constructively nor mechanically attached. Such

Vanderpoel *v.* Van Allen.

machinery is bought and sold as articles of merchandise. It can be used in other buildings, and when necessary to be repaired is taken to the foundery. The motive power which drives it can be applied to other kinds of cotton and to woolen machinery.

BROWN, J. The plaintiff claims the articles of property mentioned in the pleadings in this cause as fixture, under his mortgage of the realty; and the defendants, Powell, Ramsdell & Moore, claim to hold them as chattels, under the execution issued to the sheriff of Orange county, and their chattel mortgage. The plaintiff's mortgage was executed and recorded some time anterior to the mortgage, or the issuing of the execution of the defendants, and it describes the premises in the usual manner, by metes and bounds, as the piece of land in Blooming Grove, on which the cotton-mill and bleach-house stands, and including a cotton-mill and bleach house, with their appurtenances. The property in dispute consists of various articles of machinery for carding, spinning, twisting, balling, preparing, and packing cotton yarn and cotton twine. It stands upon the floor of the mill, over the apertures or openings therein, made for the passage of the leather bands or belts by which it is moved, and is not fastened to the building otherwise, than by such belts and bands, and, in some few instances and articles, by cleats tacked to the floor because it was out of level when placed upon it. The bands are used for motion, and not for fastening; and the cleats to give a uniform and level surface to the floor of the building. The motive power is water; the belts or bands passing over a wheel or pulley upon each separate machine, and from thence run over drums upon lines of shafting, geared in communication with the water wheel. The belts or bands are slipped off and on the pullies by hand, so as to put it in operation or arrest its motion, at the pleasure of the operator. Every machine may be easily and conveniently removed, without injury to itself or to the building in which it stands; and, if so removed, might be used with the same effect and for the same purpose on the floor of any other building where there

VOL. X.                    21

Vanderpoel *v.* Van Allen.

is motive power to put it in operation. The mill or building would suffer no detriment from such removal, for it is immediately and without any previous preparation adapted to the use of similar machines for the manufacture of the same article, or for any other machines employed in a different manufacture, which stand upon a level floor, and are put in motion by a pulley and a band. The machinery was not constructed in the building or upon the premises where it is used, for the better enjoyment of the inheritance; but each separate article was made in a work or machine shop in a different place, and removed entire and complete and fit for use, to the place where it now is. It is in proof that such like machinery is oftentimes the property of the manufacturer, while the mill where it is used is the property of another; and that it is a common occurrence to remove the articles separately from the mill to the work shop, to be repaired and remodeled, and, when so repaired, they are returned to the mill again. There is nothing in the pleadings or proofs to show when the property was placed in the mill—whether before or since the date of the plaintiff's mortgage—so that if it has now become a part of the freehold, it is subject to the plaintiff's lien and cannot be removed. Otherwise it belongs to the defendants, and may be taken away and appropriated by them to the payment of their debt.

Fixtures are defined to be " chattels or articles of a personal nature which have been affixed to the land." To make an article a fixture, "it must not only be essential to the business of the erection, but it must be attached to it in some way; at least, it must be mechanically fitted, so as, in ordinary understanding, to make a part of the building itself." The general rule is "that any thing of a personal nature not fixed to the freehold can not be considered as an incident to the land as between vendor and vendee." The property in question is not actually annexed to the freehold. The mere setting down upon the floor of the building, and the leather bands slipped on to the pullies when it is in motion, do not effect a physical union. Nor do the circumstances, in my judgment, make out a constructive annexation. Each of these machines is complete and perfect, and to

Vanderpoel v. Van Allen.

a great extent, independent in itself. If any one of them is dependant on another, they are not all dependant on each other, nor on the water power and the mill, except for motion, for the proof shows there is no particular fitness or adaptation to this mill or water power more than there is to any other. This machinery bears but little resemblance, if any, to the key of a door, the chain, dogs, and bars of a saw mill, the stone of a grist mill taken up to be picked, the venetian blind, window-shutters and doors, temporarily removed from their hinges, or the mill irons and gearing dislocated and carried away by a flood, of which we read in the books; for they were essential and necessary parts of machinery or structures, which were so firmly united with the freehold as to make them fixtures beyond all dispute. The rigor of the ancient law of fixtures, as between landlord and tenant, has been much relaxed in modern times for the benefit of trade. In this state it has been modified as between heir and executor or administrator, 2 *R. S.* 24, § 6 ; but between vendor and vendee, mortgagor and mortgagee, it remains as it always was. The uncertainty which we constantly encounter in the investigation of the subject, sometimes arises from the nature of the thing claimed to be a fixture; and at other times from the means by which it is supposed to be united with the freehold. Connection or disconnection, union or separation, seemed to be the essence of the ancient rule; yet to insist upon it in its literal sense will not free the subject from its real difficulties. There are certain things upon agricultural land—of which rail fences may be given as an example—resting upon its surface, and in no other way attached to it, light, moveable, and actually moved about from place to place, and from time to time, to suit the convenience of the occupant, which the law and the universal sense of mankind regard as fixtures. While there are certain other things attached to the interior walls of a dwelling house, by nails, screws and iron straps, of which mirrors and paintings may be given as examples, which are in like manner regarded as chattels. In respect to structures and machines used in the business of trade and manufacturing, there is a wide and manifest distinction between ponder-

Vanderpoel *v.* Van Allen.

ous articles purposely fitted and adapted to the places where they are used, and unfitted and unadapted to all others, of which water wheels, mill gearing, shafts, carriage ways for saw mills, steam boilers and engines, may be given as examples, and those lighter, more portable, and wonderful creations of human ingenuity and skill, of which power looms, carding, spinning and pin machines may be cited as examples, which stand like a piece of furniture upon a floor, are moved by any kind of motive power, which may be displaced and repaired and replaced, without interruption to the business or hindrance to the other machinery, and which have no other connection with the freehold but that formed by the leather band which puts them in motion. To constitute an instrument or machine employed in the business of trade or manufactures a fixture, so as to pass with the deed as parcel of the freehold, it must be permanently habitually attached to it, or it must be a component part of some erection, structure, or machine which is attached to the freehold, and without which the erection, structure or machine would be imperfect and incomplete

The authorities upon this branch of the law are very numerous. It has employed the minds and pens of many men of acknowledged learning and ability. Yet, whoever essays to study and make himself master of the subject, will not be surprised to find that neither the elementary writers nor the reported cases furnish any precise or certain rule to determine what a fixture is. Where so much has already been written, I do not hope to contribute any thing to the store of useful learning. I shall do no more than barely allude to a few of the leading cases, as authority for my present opinion. In *Walker* v. *Sherman*, (20 *Wend.* 636,) where most of the English cases are collected and commented upon, this court decided, between tenants in common, that carding, spinning, and shearing machines and looms in a woolen factory, which had passed with the estate from one owner to another, for the space of eleven years, were no part of the realty. *Swift* v. *Thompson*, (9 *Conn. Rep.* 63,) was a controversy in respect to cotton machinery fastened to the floor by wooden screws; and there the court held the same opinion. *Gale* v.

*Ward,* (14 *Mass. Rep.* 352,) involved the right to certain carding machines in a woolen factory, moved by leather bands over pulleys, in connection with the water power; and the court held the machines to be personal property. The unfriendly comments and unfeigned doubts to which *Gale* v. *Ward* has been subjected in some of the subsequent cases, tend more to expose the uncertain and unsettled state of the law of fixtures, than to impugn the soundness of its conclusions. In *Winslow and others* v. *The Merchants' Insurance Company,* (4 *Metc.* 306,) a decision upon which the plaintiff places much dependance, the same court decided " that the engines and boilers and the machinery for working iron which they operate, considering the manner in which they were fitted and adapted to the mill, were fixtures." Chief Justice Shaw, who delivered the opinion, deems it necessary, however, to disclaim all design to overturn or impair the force of the decision in *Gale* v. *Ward,* in the following words: " The case of *Gale* v. *Ward,* (14 *Mass. Rep.* 352.) is not, we think, an authority opposed to this opinion; because it is manifest that the court in that case regarded the carding machines, although ponderous and bulky, as essentially personal property, which might have been attached and removed as the personal property of the owner, even though there had been no mortgage, and they had been erected by the owner in his own mill and for his own use." From the description given of the manner in which the engine and boilers in *Winslow and others* v. *The Merchants' Insurance Co.* were fastened to the building in which they were erected, there can hardly be a doubt that they were fixtures within the principles of the reported cases. And in respect to the machines for working iron which they operated, it is evident the question was determined upon the way in which they were fitted and adapted to the mill. The words " fitted and adapted to the mill," are pregnant expressions. They mean something more, I apprehend, than simply being set down upon one of the floors of the building, or such fitness and adaptation as they would have had upon being removed and set down upon the floor of any other building. And if they mean more than that, the decision in no wise conflicts with those to which I have

Vanderpoel, v. Van Allen.

referred.   The general rule extracted from all the cases, and laid down in *Walker* v. *Sherman*, is this : " In order to come within the operation of a deed conveying the freehold, whether by metes and bounds of a plantation, farm, lot, &c. or in terms denoting a mill or factory, &c. nothing of a nature personal in itself will pass unless it be brought within the denomination of a fixture, by being in some way permanently, or, at least, habitually attached to the land, or some building upon it." The observations of Mr. Justice Cowen, which follow in the same paragraph, do not authorize the conclusion that the court assumed, for the purpose of the decision, that the machines and looms were worked by horses or by hand.   Nor can I think that leather bands or belts, connecting the machines for the mere purpose of motion with the permanent mill gearing, if the proof had established their existence, would have converted the chattels into real property, and brought the court to a different conclusion.

As the recorded judgment of this court, upon a question similar in all its aspects to the present, which remains, as far as I can learn, unreversed and unshaken by any subsequent decision, I must regard it as controlling the case under consideration; and I do so with no unwillingness or hesitation, because it accords with my own understanding of what the law is, and my own sense of what it should continue to be.

I am of opinion that the articles of property mentioned in the pleadings are not attached to the mill upon the mortgaged premises, in such a manner as to bring them within the denomination of fixtures.

The defendants Powell, Ramsdell and Moore are entitled to a decree dissolving the injunction and establishing their right to the machinery and property mentioned in their answer, and that they recover their costs from the plaintiff.

The plaintiff is also entitled, should he desire it, to the usual order of reference, with a view to a decree and sale of the mortgaged premises.