The opinion of the Court was delivered by
WhitNER, J.
Two objections 'are presented by this appeal to demandant’s recovery. First, that the deed of conveyance to demandant’s husband, conferred no title because made by certain executors who, it is contended, had no power *421 to convey. The defendant himself claims through the husband and the inquiry is suggested whether he is not estopped from denying title in one under whom he has entered. Nelson, C. J., in Browne vs. Potter, 17 Wend. 164, so held and cited as authority on which he relied, Cruise, 148-9; 2 Bac. Abr. 333-371 n; 1 Co. Litt. 665, n. g; Park on Dower 44, and Taylor's case, Sir. W. Jones, 317 — with other cases in the same State and elsewhere.
In this State, whilst it is understood, the general doctrine is held that one who enters under another may not deny the title thus admitted, yet exceptions have been recognized in peculiar cases, and the inquiry will be extended whether any good reason is here found for extending the favor of such denial.
The defendant has not only accepted the deed of the husband but entered, and yet holds under it, has never acquired any other title, has never in any way been disturbed in his possession, and though years have elapsed since the deed by the executors, no ground is suggested for reasonable apprehension that the title thus acquired ever will be called in question. In Gayle vs. Price, 5 Rich. 527, the judge in delivering the opinion in a case of dower, says, that such a defence, under such circumstances successfully maintained, had never yet been known amongst us — a branch of Pledger vs. Ellerbe, 6 Rich, 266, proceeds upon the same doctrine. We have in this case a deed which has proved good and effectual, subserving all the purposes of a perfect conveyance for more than twenty years. It is manifest, therefore, that under such circumstances the objection could not avail the defendant.
But in fact the executors of Burton were authorized by the will to sell and divide the estate of testator, except the portion willed to his wife, and' because the testator in his lifetime subsequently negotiated a sale, it is insisted the power was thereby revoked.
The force of the objection is not perceived. The power to *422 sell confers also a power to convey, and even adopting tbe line of argument on wbicb tbe objection rests, wby maintain that tbe revocation was entire? Tbe object should be to effect and not defeat tbe intention of testator.
Tbe testator contemplated a sale for division, and bis inchoate act was adopted and consummated, and tbe division in fact made, and surely this furnishes no just cause of impeachment of their act. Tbe alleged sale was shown by a memorandum in writing on the same paper containing tbe will contemporaneously executed, without any corresponding obligation on tbe part of tbe purchaser, directory to bis executors, and whether binding or not, could not operate to defeat tbe scheme of tbe will, and make void tbe act of bis executors. The defendant at least cannot avail himself at this late day of such an objection.
The remaining question has proved a fruitful source of litigation, and at this day minute accuracy in laying down a general proposition covering the class of cases would be extremely difficult. In 3 Bae. Abr., Dower C., founded on Co. Litt. 31, the principle is announced, that “in some cases though the husband be seized in fact, yet bis wife shall not have dower, as of an instantaneous seisin,” — as shown in anote this proposition though broadly laid down is by no means regarded as general — a transcript of the note well expresses what is sustained by authority throughout. When the same act which gives the husband the estate conveys it out of him again; when he is the mere instrument of passing the estate, the transitory seisin does not in general seem sufficient to entitle the wife to dower. The mere duration of the seisin does not of itself constitute the exception In an ancient case Broughton vs. Randall, said to be in Cro. Eliz. 503-, a father and son who had been attainted of felony were executed together, and the widow of the survivor was endowed, though her right, depended "on the very brief seisin of her husband during the death struggle that intervened. Though this was *423 an extreme case, tbe principle bas been recognized in modern times.
So, too, on tbe other band, where there bas been a transitory seizin as above enumerated, tbe authorities are abundant, and especially wherein tbe premises are mortgaged to secure the purchase money. Cro. Car. 191; 2 Bac. Abr. 373 ; 1 Tho. Coke, 576; 1 Bay. 312 ; 1 McC. Ob. 279; 14 Mass. 352; 12 S. & R. 70. The character of the seisin as well as the duration enter into the consideration.
But the facts disclosed in ■ the evidence are conclusive of this branch of the case, likewise. Without stopping to inquire whether in any view the case is brought within the exception, the deed from the husband establishes the distinction. Recurring to the note in 3 Bac. Abr. Dower 0., relying on 2 Black. Com. 132; Preston on Estates, Tit. Dower, 546 ; when the husband has a seisin for an instant, beneficially for his own use, the title to the dower shall arise in favor of the wife. The distinction has been recognized and maintained by modern text writers and judges. The deed referred to contains the following: “ It is also hereby understood and agreed on, between tbe said John, A. Burton and the said D. Douglass, that I the said D. Douglass reserve to myself, my heirs and assigns forever, the right to raise a mill-dam on Long Cane creek, and flow all the above mentioned lands that shall be considered necessary for the benefit of the said D. Douglass’ mills.” This was the benefit which doubtless moved the purchase, and furnishes the solution for this otherwise singular transaction.
. The motion for a new trial is dismissed.
O’Neall, Wardlaw, Glover, and Müííro, JJ., concurred.

Motion dismissed.