Sutliff, J.
The petition is filed under the statute of January 28, 1824, which provides that “the widow of any person dying, shall be endowed of one full and equal third part of all the landsj tenements, and real estate of which her husband was seized as an estate of inheritance at any time during the coverture,” etc.
It has always -been held, in this state, that a mere technical seizin, without a beneficial interest in the estate, is not sufficient to entitle the widow to dower. Thus, when the husband, during coverture, has purchased lands with the money of another, and has taken the title in his own name, under such circumstances as to raise a resulting trust in favor of the party whose money was so invested, it has been held that the widow of the husband so seized was not entitled to dower. Derush and wife v. Brown et al., 8 Ohio, 412.
It has also been held, that where the husband purchases lands, takes a conveyance, and mortgages the same back to secure the purchase money, the claim under the mortgage is superior to the *266 claim of tho widow for dower. Rands and wife v. Kendall, 15 Ohio, 671; Greene v. Greene, 1 Ohio, 335. And the same doctrine has been held in other states. -See the cases of Stowe v. Tiff, 15 Johns. 458; Gale v. Ward, 14 Mass. 352, and other cases to the same effect.
The fact that the conveyance to Osee Welch and John Routzong was made by William Henry, instead of the same having been made by Henry to Lind and by Lind *to them, does not at all affect the case. The substance and not the form, merely, of the transaction, is to be regarded. And viewed in this light, the transaction is simply the conveyance by the vendor Lind, and receiving back from his grantees a mortgage for the security of the purchase money. The money so secured by the mortgage was not paid, and the lands were subjected, under such mortgage, to the payment. The defendants hold under such mortgage sale. Theirs is, consequently, the title held by the mortgagee, and superior, in equity, to the claim of the petitioner.
The petition must stand dismissed with costs.
Br.inker.hoee, C. J., and Scott and Gholson, JJ., concurred.
Peck, J., was absent.