JUD9E BULLITT
delivered the opinion op the court:
Freeman brought this action, and attached property belonging to Stern, a non-resident, to satisfy a note executed by him to the plaintiff. Stern answered, that “at the time of the execution of said note, this defendant was an infant under^the age of 21 years;” and this is the only defense that we need to notice.
Defendant’s answer and the evidence show that the plaintiff and defendant were merchant partners until October 22, 1859, when the plaintiff sold his interest in the concern to the defendant, then under 21 years of age, in consideration of the note sued on, and other notes then executed. Defendant attained the age of 21 years in December, 1859. It is proved, by parol evidence, that, up to the time this action was brought, in June, I860, defendant, in his own behalf, carried on the business, selling the goods and collecting the debts, that formerly belonged to him and the plaintiff; and it is proved, that, in March, 1860, about three months after he attained the age of 21 years, he wrote a letter to Liebor, who owed money for *311 goods purchased from Freeman & Stern, stating that he “had the collecting the debts due the firm of Freeman & Stern, and that he was going on in the same business in his own name.”
The chancellor rendered a judgment.for the plaintiff, to reverse which the defendant appeals.
The first question is, whether the rights of the parties depend upon the laws of Kentucky or the laws of Pennsylvania.
There being no proof to the contrary, we should probably have, had no difficulty in presuming that the common law prevails in Pennsylvania, if it had appeared that the contract was made and ratified there. But it does not so appear, because, though there is evidence conducing to prove that the defendant resides in Pennsylvania, that the note was executed there, and that the ratifying acts before mentioned were performed there, we cannot consider that evidence, since neither of those facts is averred by either of the parties. Either of them, in order to obtain here, the benefit of the law of Pennsylvania, should have averred, as well as proved, that that was the place of the contract. As it has not been shown that any other law applies to the case, we must; in deciding it, necessarily be governed by the laws of this State.
The note, having been executed when the defendant was under 21 years of age, was voidable; and the simple statement of the fact in his answer is sufficient. He was not bound to aver that the note was voidable, nor otherwise to state the law of the case.
But the plaintiff contends that the note was made unavoidable by the ratification of the defendant. And here the question arises, whether or not the plaintiff was bound to aver the ratification in his petition, or by an amended petition.
The Code of Practice declares, that “there shall be no reply except upon the allegation of a counter-claim or set-off in the answer;” (sec. 132,) and that, “the allegation of new matter in the answer, not relating to a counter-claim or set-off, * * is to be deemed controverted by the adverse party, as upon a direct denial or avoidance, as the case may require.” (Sec. 153.) The question is, whether or not, under the old practice, the plaintiff could reply a ratification of the contract, in avoid- *312 anee of the plea of infancy. If he could, he may, under the Code, prove the ratification without a reply, and without setting it forth in an amended petition.
Upon this question there appears to have been some conflict of opinion, as is shown by the cases referred to in Moor vs. Williams, 11 Mer. & Welsby. Mr. Chitty, however, without referring to any conflict of opinion upon the subject, says, that to a plea of infancy in assumpsit, the plaintiff “may reply to the whole, or part, that the defendant ratified and confirmed the promise after he came of age.” (1 Ch. Pl., 612.) And again, in speaking of replications which confess and avoid the plea, he says, that, “if infancy be pleaded, the plaintiff may reply that the goods were necessaries, or that the defendant, after he came of age, ratified and confirmed the promise.” (Id., 657.) The doctrine stated by Mr. Chitty seems to be founded upqn principle. The manner of pleading depends upon the question whether the right of recovery, in such cases, is based upon the original contract, or upon the ratification. If upon the latter, it would have been necessary, under the old practice, in all actions, excepting, perhaps, general assumpsit, to declare upon the ratification, or to set it forth by a new assignment, in the form of a replication to the plea of infancy, which would have been, in effect, declaring anew upon the ratification. But if the right of recovery is based upon the original contract, the ratification, under the old practice, would have formed matter for a replication in confession and avoidance of the plea.
That the right of recovery, in many if not all such cases, is based upon the original contract, and not upon the ratification, seems to be conclusively proved by the fact, that, by the common law, the plaintiff may recover upon a contract made by the defendant during infancy, which he has ratified by merely failing to disaffirm it within a reasonable time after coming of age, (Kline vs. Beebe, 6 Conn., 494; 2 Kent's Com., 238,) since it is clear that a person cannot be held liable for failing to disaffirm a contract which he is not bound to dis-affirm; and, also, by the fact that, by the common law, a sale of land by an infant may be ratified verbally, notwithstanding *313 a statute prohibiting the sale of land except by waiting,, (Houser vs. Reynolds, 1 Hayea, 143: Wheaton vs. East, 5 Yerger's Tenn. R., 41.) It seems clear, that in both those classes of cases the right of recovery is based, and can be based only, upon the original contract, the ratification having no effect whatever, except to prevent the defendant from avoiding* his contract.
Probably where a person, after coming of age, has promised to pay a debt contracted during infancy,- of has done an act from which the law implies such a promise, the plaintiff might declare upon the new promise, relying upon the original consideration to support it. But he is not obliged to do so.' He may declare upon the original contract, and show the new promise, like any other ratification, in avoidance of the plea of infancy. This results necessarily from the fact that the contract is voidable only, and not void. It is valid until disaffirm-ed. No ratification is needed to make it binding. Disaffirm-anee is needed to invalidate it. The plaintiff may, therefore, sue upon it, and if the defendant pleads infancy, the plaintiff may avoid the plea by showing a promise, or other act of ratification, by which the defendant has deprived himself of the right to avoid the contract. In such a case, the only effect of the ratification is to prevent the defendant from disaffirming the contract sued upon, which, being valid until disaffirmed, clearly forms the basis of recovery, the ratification forming matter of confession and avoidance to the plea of infancy.
It may be proper to add, that, under the Code of Practice, this question probably stands upon a different footing from that relating to an acknowledgment or promise, relied upon to save a claim barred by limitation.
It follows, from what we have said, that the plaintiff in this case had a right to prove a ratification of-the .contract, without averring it in his pleadings. Has he done so?
We have a statute declaring, that “no action shall be brought to charge any person * * upon a promise to pay a debt contracted during infancy, or a ratification of a contract or promise made during infancy, * * unless the promise * * or ratification, or some memorandum or note thereof be in *314 writing, and signed at the close thereof by the party to be charged therewith, or by his authorized agent. (Rev. Statutes, chap. 22, sec. 1.)
The statute applies, literally, only to those cases in which the plaintiff declares upon the new promise or ratification. But, construed literally, it would probably be^ wholly unavailing, because the plaintiff might, in every case, declare upon the original contract, and prove the ratification in avoidance of the plea of infancy. We have no doubt that the statute was designed to apply, and we regard it as applyiug, to all cases in which the plaintiff relies upon a promise or ratification, such as the statute refers to, in support of his action, whether he declares upon it or proves it to avoid the plea of infancy.
But to what kinds of promise and ratification does the statute apply? It clearly applies to every express promise to pay a debt contracted during infancy. But it does not apply to an express promise to perform any other contract made during infancy, unless such promise is embraced by the word “ratifi cation.”
Was that word designed to apply only to verbal ratifications and evidences of ratification, such as a promise to perform a contract (not for the payment of a debt,) made during infancy, or an acknowledgment by the defendant that, after coming of age, he had performed some act of ratification?
Or does it apply also to such acts of ratification as a refusal by the defendant, after coming of age, to rescind a contract made during infancy, when applied to for that purpose by the other party; or a sale by the defendant, after coming of age, of property purchased during infancy? Was it intended that a person may ratify the purchase of a horse, made during infancy, by delivering a bill of sale of it, after coming of age— which would be written evidence of an act of ratification; but that he cannot ratify the purchase by a verbal sale and delivery of the horse?
And does it also apply to cases in which the plaintiff relies upon a negative ratification, such as the defendant’s failure to disaffirm the contract within a reasonable time after coming of age? Was it intended that an infant, buying land and re *315 taining possession of it during ten years, without disaffirming the contract, may then avoid it by pleading infancy, unless he shall haye ratified it in writing?
We do not consider it necessary, however, to answer either of those questions, because, if the statute applies to such acts of ratification as were performed by the defendant, yet the evidence, in our opinion, shows that the plaintiff is entitled to recover.
The defendant’s letter to Leibor was not produced. But Leibor’s testimony, concerning it and its contents, having been admitted without objection, is entitled to the same weight as the letter itself, had it been produced.
The letter did not speak, in so many words, of the defendant’s purchase of the plaintiff’s interest in the partnership effects. But that the defendant had made such a purchase is clearly inferable from the statements that he had the collecting of the debts “due to the late firm,” and that he was “going on in the same business in his own name.”
The defendant’s answer states that the note sued upon was given, with others, to obtain the plaintiff’s withdrawal from his partnership with the defendant. The answer and the letter to Leibor, connected, leave no room for doubt, that the purchase referred to, though not expressly mentioned in the letter, was the same for which the note sued on was given.
The statements of said letter also authorize the inference that the defendant, after coming of age, retained possession of the property thus purchased from the plaintiff, and dealt with it as his own, in his own name and for his own benefit» conducting the business, selling the goods and collecting the debts, which, but for his contract with the plaintiff, would have belonged to them as partners.
Those acts were a ratification of the purchase, and the defendant must pay the notes given for the purchase money. (Hubbard vs. Cummings, 1 Greenf., 11; Lawson vs. Lovejoy, 8 Greenf., 405; 2 Kent's Com., 253.)
The statute does not require the plaintiff to produce a written ratification. It only requires that the “ratification, or some memorandum or note thereof,” shall be in writing. A writing, *316 showing that the defendant has performed an act of ratification, is as effective as one containing an express ratification.
As the letter to Leibor sufficiently identifies the contract relied upon by the plaintiff, as having been ratified, the fact that it was addressed to Liebor, and not to the plaintiff, is immaterial. It is relied upon, not as constituting a ratification or containing a promise, but as evidence of a ratification previously made, and as such it is entitled to the same weight as if it had been addressed to the plaintiff. (1 Smith’s Lead. Cases, side page 137, and cases cited.)
The judgment is -affirmed.