## DANIELS & Co. v. BOWE.

Fixtures: REMOVAL OF: MORTGAGE. If fixtures in a mill erected upon real estate on which there are two mortgages be sold under execution by the junior mortgagee, and removed from the mill by him, and he rents them to a third party who with his consent places them back in the mill for use, giving his bond for the return of the property so hired, the fixtures thereby become subject to the senior mortgage, and by a foreclosure thereof and a sale of the real estate thereunder, such fixtures pass to the purchaser; and, the right of the purchaser under the junior mortgage thereby becoming extinguished, the party hiring the fixtures from him is excused from returning them, and will not be held liable on his bond therefor. BECK, J., dissenting.

*Appeal from Benton District Court.*

THURSDAY, JULY 23.

ACTION on a bond given for the hiring and return of certain personal property. Very briefly and concisely stated, the facts are as follows: One Graham and another, being the owners in fee of certain real estate, executed a mortgage thereon to the State of Iowa, to secure a loan of certain school fund money of Benton county. Afterward said parties executed another mortgage thereon to these plaintiffs to secure an indebtedness to them. After said mortgages were executed, the mortgagors erected a flour mill on the real estate mortgaged. The plaintiffs'

debt having matured, they sued at law thereon and obtained judgment, upon which they caused execution to issue, and by virtue thereof levied upon and sold certain fixtures in the mill situated on the mortgaged property, the plaintiffs being the purchasers thereof. These fixtures were afterward separated from the mill, and taken to plaintiffs' storeroom and kept for some months.

The mortgagors then leased the mill and real estate to the defendant, and thereupon the defendant hired of the plaintiffs the identical fixtures, with the understanding that he was to replace and use the same in the mill as they were before plaintiffs' purchase and their removal; defendant did so replace them and use the same. Defendant gave his bond and surety for the return of the property so hired. Before the expiration of the time, at which, by the agreement as extended, the defendant was to return the property, a foreclosure suit was brought upon the mortgage to the school fund, and to which, the said mortgagors, these plaintiffs, and others, were parties. A judgment of foreclosure was rendered, and thereunder the said real estate, including the mill and the fixtures therein, were sold, and the State of Iowa became the purchaser. Afterward possession of the property, under the purchase, was obtained by the State, and subsequent thereto the said property was sold to the defendant.

This action is brought on the bond for the return of the property. The cause was tried to a referee, who found the facts in substance as above stated, and, as a conclusion of law, that the plaintiff was entitled to recover the value of the fixtures, specifying the same. The defendant excepted and appeals.

*C. H. Conklin* for the appellant.

*N. M. Hubbard* for the appellee.

Daniels & Co. v. Bowe.

COLE, J. — We do not stop to discuss the question as to what rights the plaintiffs acquired by their purchase of the fixtures under the execution at law. After they had obtained the possession of them, they leased or hired the same to this defendant for the purpose of having the same again placed in the mill and used as before their removal. When so replaced they became subject to the school fund mortgage, which was prior to the mortgage or claim of these plaintiffs, certainly so in the absence of actual notice to the mortgagee of either the sale or severance. This prior mortgage was then foreclosed, these plaintiffs being parties defendants to the foreclosure proceedings; under the foreclosure decree the real property was sold to the State for an amount considerably less than the mortgage debt. These fixtures, being then in the mill, passed to the purchaser of the real estate, and thereby the right or title of the plaintiffs therein became extinguished or terminated.

*Fixtures: removal of: mortgage.*

The defendant is excused from returning the property, although he had covenanted to do so, by reason of the fact that the right of the plaintiffs to its return had, by virtue of the legal proceedings against them expired and ended. This would be true, even if the contract of lease or hiring had pertained to real estate; for it is a well settled rule, that, although a tenant cannot dispute his landlord's title, he may nevertheless show that his title has expired. *Jackson* v. *Rowland*, 6 Wend. 670; *Despard* v. *Walbridge*, 15 N. Y. 374; *Simons* v. *Marshall*, 3 G. Greene, 504. Since, therefore, the plaintiffs have no right to the property, it is clear they have no right to recover its value. The purchase of the real estate by the defendant from the State of Iowa, after the State had bought it at the foreclosure sale, perfected the title to the property in the defendant, and he may protect himself

thereunder. By his purchase he acquired all the right the State had as against the plaintiffs.

The fact that by the terms of the agreement or understanding, as found by the referee between plaintiffs and defendants, the property in controversy was to be again placed and used in the mill, does not by any means tend to enlarge the obligation of defendant to return the same, though lost to plaintiffs by reason of being so replaced in the mill. But on the contrary, that understanding shows, that the hazard of being so lost was agreed to by plaintiff, and against which they took no express covenant from the defendant.

There was also involved in this same contract of hireing certain personal property, for which plaintiff recovered, and as to which the defendant makes no question; as to that portion of the property the judgment is affirmed. As to the fixtures, as found by the referee, the judgment of the District Court is

Reversed.

BECK, J. (dissenting).—I am unable to concur with the majority of the court in the decision of this case. And so strong are my convictions of the correctness of my views, that I am constrained to express my dissent to the conclusion and reasoning of the opinion filed herein. In my opinion, the judgment of the District Court should be affirmed for the following reasons:

The mortgage to the school fund did not convey the title of the property in question, but it remained in the mortgagor. Being fixtures, and not personal property, the holder of the mortgage only acquired such right thereto as is conferred by mortgages of lands. This was simply a lien to be enforced by foreclosure. Rev. § 2217. At the time of the levy of the execution upon, and sale of the fixtures, Graham did not object. The mortgagee

could not have done so without showing that the security of the mortgage would have been impaired by the sale and separation of the fixtures from the realty, and could have recovered the value of the property after its separation in an action against plaintiffs only upon showing the same fact. *Cooper* v. *Davis*, 15 Conn. 559 ; *Lane* v. *Hitchcock*, 14 Johns. 214; *Peterson* v. *Clark*, 15 id. 206; *Van Pelt* v. *McGraw*, 4 Comst. 110; *Gardner* v. *Heartt*, 3 Denio, 232 ; *Vanderpool* v. *Van Allen*, 10 Barb. 157.

But the mortgagee did not raise any such objection to the separation of the fixtures from the realty, and stood by and permitted the sale. Under these circumstances, the plaintiffs acquired title to the property.

Admitting that the property when removed to the mill became again fixtures, and that the title thereto passed by the sale under the decree to defendant (which is quite probable), this does not release defendant of his obligation to return the property according to the obligation of his bond. If the property was plaintiffs', and became lost to them by the act of defendant, he is liable for the value thereof, especially as he bound himself to return it to plaintiffs. The form of the obligation, its express provisions, the fact that securities were required to execute it with defendant, and the circumstances under which it was given, all concur in indicating that the parties intended it to secure the return of the property, and that plaintiffs abondoned none of their rights thereto by consenting to its use in the mill. The contract seems to have been prepared in view of the fact, that, by permitting the property to be returned to the mill, plaintiffs, under the law, could not recover it, and would lose their right thereto. To protect them from the loss of the property in that way, the obligation was executed. The law, as well as good conscience, requires it to be enforced.

I therefore conclude that the judgment of the District Court should be

_____          Affirmed.