## In re WALKER BIN CO.
### No. 21226.

District Court, W. D. New York.
Jan. 11, 1935.

Isaac Adler, of Rochester, N. Y., for trustee.

John J. Hyland, of Penn Yan, N. Y., for creditor.

KNIGHT, District Judge.

This is a petition to review an order made herein by the referee in bankruptcy. The grounds of the application as alleged are errors committed by the referee in his findings of fact that certain machinery in the plant of the bankrupt was installed with the intent that it would be a permanent installation, and his conclusions of law that such machinery was a part of the real property.

The Citizens' Bank of Penn Yan, N. Y., held a mortgage on the property of the Walker Bin Company. The mortgage purported to cover certain premises and "all buildings and structures upon said premises, together with all machinery, equipment and fixtures therein." Subsequent to the execution of the mortgage, the Walker Bin Company was adjudicated a bankrupt. In the bankruptcy proceeding the question arose as to whether certain machines were fixtures, constituting a part of the real estate, or personal property. By consent of the interested parties, all the alleged fixtures were sold upon the agreement that the proceeds derived from the sale thereof should be held by the trustee pending determination of the rights of claimants thereto. Upon the sale there was received from the alleged fixtures the sum of $3,025. It is conceded now that

certain of such alleged fixtures for which $125.25 was received on the sale were personal property. The amount, therefore, in controversy is $2,900.

The Walker Bin Company operated an extensive wood working plant. The equipment consisted generally of many small tools, pulleys, shafting, engines, boiler, elevator, ventilator and blower system, electric conduit, switch boxes, office partitions and a sprinkler system, and also a number of large machines necessary to be used in the business of the company. The only question here is whether such last machines are fixtures and are covered by the mortgage.

■ Cases in which a similar question has been considered are numerous. The rule of determination here is the law as laid down by the courts of the state of New York. No statute defines fixtures as distinguished from personal property. We must look to the decisions of the courts of New York as to what are fixtures as distinguished from personal property to guide our conclusion. A study of these decisions reveals certain rules of determination. Numerous decisions in courts of that state picture the difficulty in applying the rules.

■ Generally stated, to constitute fixtures there must be (1) annexation of a permanent character to the realty; (2) adaptability to the use of the freehold; (3) intention of the party making the annexation a permanent accession. Voorhees v. McGinnis et al., 48 N. Y. 282. In the instant case it is conceded that the machinery in question was annexed to the realty. It was applied to the purpose to which that part of the realty with which it is connected was appropriated. As between vendor and vendee, and mortgagor and mortgagee, the manner of annexation is not controlling. "The purpose of the annexation, and the intent upon which it was made, is in such cases the most important consideration. The permanency of the attachment does not depend so much upon the degree of physical force with which the thing is attached as upon the motive and intention of the party in attaching it." McRea v. Central National Bank of Troy, 66 N. Y. 495: "The old theory which made physical annexation the sole test has been expanded so as to include intention, use and adaptability." Gould v. Springer, 206 N. Y. 641, 99 N. E. 149, 151. I do not think that the evidence supports the conclusion that it was intended that these particular machines should make a permanent accession to the freehold. My reasons for this conclusion are these:

The building in which the machines were housed was not originally built with the purpose to utilize these particular machines or even corresponding machines. This building was originally constructed for a sash door and blind factory and operated as such for years. Subsequently additions were made to the building, the type of business changed, and machinery fitted for use in different type of wood working installed. These machines were changed from time to time and one of the largest of these, the moulder, was only recently installed in the building which had theretofore been occupied as a wood working plant for many years. The building was in no way specially adapted to the wood working business. It was suitable for use in various kinds of manufacturing. While certain changes in the interior were necessary for the installation of the machinery in question, such changes ordinarily would be in the main required for the installation of many different types of machines used in other types of manufacturing plants. The machines in question were carried on the books of the bankrupt separately from the building. The mortgage specifically refers to machinery as separate from the "premises" or land. The petition of the bankrupt refers to the mortgage as being on "real property, machinery, etc."

■ The endeavor was made to show the intended permanency of these installations by two witnesses who testified that these installations were permanent. Objection was made to the reception of this testimony. Irrespective of the question of whether a witness can testify directly to intent in this respect, it appears that neither of the witnesses was interested in the business at the time of the original installation. They were not shown competent to testify to the intent of the company.

The intent here must be gathered from the conditions shown and acts done. They were put in as machines are ordinarily put in a manufacturing establishment. While most of them appear to have been bolted to the floors or to the ceiling, they were removable without material damage to the building. These machines are quite distinct from such parts of equipment as boiler, engine, elevator, shafting, sprinkler system, office partitions, and electric conduits and switch boxes. The method of their attachment to the freehold of the equipment last

mentioned and their adaptability for different types of manufacturing plants in and of themselves go to show an intent on the part of the owner to install them for permanent use. Quite to the contrary, with respect to the machines in question, intent to make permanent the use of these could not be drawn from their method of attachment to the building or to the use to which they were put. In the absence of statutes, the courts and text-writers laid down rules of determination as above stated. Examination of cases cited, both by counsel for the trustee and counsel for the claimant herein, sustain this conclusion.

In New York Life Insurance Co. v. Allison (C. C. A.) 107 F. 179, 181, wherein the question of whether certain articles were fixtures was considered, the court said: "The general rule derived from the decisions of the courts of New York is that unless the annexation is one of a permanent character, so that the machine or other chattel cannot be removed without substantial injury to the freehold, or unless the annexation is of a machine or chattel especially adapted for use in the particular place where it has been put, the purpose of the annexation and the intention with which it has been made are the most important considerations, and are the determining criterion, whether it is a fixture or a chattel." Looms in a woolen factory, connected with the motive power by leathern bands, attached to the floor by screws, are chattels and not a part of the realty. In Murdock v. Gifford, 18 N. Y. 28, it was held that machinery in a woolen factory consisting of carding machines, picking machines, etc., was personal property. In Walker v. Sherman, 20 Wend. (N. Y.) 639, the court held that machinery in a cotton mill fastened to the building was not a part of the realty. Vanderpoel v. Van Allen, 10 Barb. 157, and Voorhees v. McGinnis et al., 48 N. Y. 278, point a distinction between engine, boiler, shafting, and gearing, and planing machine, fire pump, and saws. To substantially the same effect are McKeage v. Hanover Fire Insurance Co., 81 N. Y. 38, 37 Am. Rep. 471; Matter of City of New York, 137 App. Div. 631, 122 N. Y. S. 316; In re Seward Dredging Co. (C. C. A.) 242 F. 225; Wells et al., as Assignees, v. Maples, 15 Hun (N. Y.) 91; In re Albanese (D. C.) 44 F.(2d) 602; Gould et al. v. Springer, 206 N. Y. 641, 99 N. E. 149. "Machinery whose permanency is subject to the fluctuating conditions of business, and which may be removed without causing substantial injury, though securely fastened, is usually regarded, both in England and in this country, as personal property." Schouler on Personal Property (5th Ed.) § 113, p. 158, note.

Cases cited by the claimant, when examined in the light of the rules of determination as hereinbefore stated, do not conflict with the rule. In McRea v. Central National Bank, 66 N. Y. 489, the building had been erected for a twine factory and the machinery was specially adaptable to it. The contract of sale pursuant to which the purchase-money mortgage was given called for a twine factory with all machinery, tools, and fixtures. The court held that the acts of the parties showed intention to make the machinery fixtures. In Potter v. Cromwell, 40 N. Y. 287, 100 Am. Dec. 485, in which a portable gristmill for grinding flour was held to be a fixture, the court lays emphasis upon the method in which the mill was attached to the building and the evidence going to show that it was put in for permanent use. This case is the nearest one of those cited by the claimant approaching a conflict with the opinion here expressed. In that case Judge Grover dissented and cited Walker v. Sherman, 20 Wend. 639, and Murdock v. Gifford, 18 N. Y. 28, as stating the law. McFadden v. Allen, 134 N. Y. 489, 32 N. E. 21, 19 L. R. A. 446, does not pass upon the question as to whether certain articles are fixtures or personal property. It did hold that in determining as between mortgagor and mortgagee whether articles are or are not fixtures the same rules prevail as between grantor and grantee. In Phipps v. State of New York, 69 Misc. 295, 127 N. Y. S. 260, 263, an engine placed in a factory resting upon concrete foundations sunk in the earth and firmly connected with metal bars laid below the foundations, and a derrick used in connection therewith were held to be fixtures and therefore part of the real estate. Among other things, the court there said: "And, where there is a unity of all these three elements, annexation, adaptability, and intention, the law uniformly recognizes the property as part of the freehold." Such is the rule followed here.

It is my conclusion, therefore, that the referee erred in finding that it was the intent of the owner to make the machinery in question a permanent installation and erred in finding as a conclusion of law that such machinery was part of the real property.

An order in accordance with the opinion may be submitted.