1838.

ROBINSON
v.
PRESWICK.

The amount of such set-off was more than the mere interest on the mortgage debts. A motion was now made to compel him to elect in which of the suits he would apply the alleged set-offs.

*Mr. Mason,* for the complainants.

*Mr. William P. Hawes,* for the defendant, Seth Geer.

---

ROBINSON *v.* PRESWICK and another.

---

October 16,
1838.

Mortgage.
Fixtures.
Waste.
Receiver.

Fixtures are embraced by a mortgage; and a bill against waste by their removal may be filed.

A receiver is not appointed under a bill against waste; an injunction is sufficient.

---

THERE had been a mortgage of a varnish and tar factory ; and a bill was now filed to restrain waste to the kettles, fix-

tures, and implements.   An injunction, pursuant to the prayer for restraint, had been granted and was in force.

Cross motions now came on: one, to dissolve the injunction, and the other, for a receiver.

*Mr. Hurlbut*, for the defendant.

*Mr. Silliman*, for the complainant.

THE VICE-CHANCELLOR :—Whatever is annexed to the freehold, and would pass as between vendor and vendee, will pass as between mortgagor and mortgagee : *Miller* v. *Plumb*, 6 Cowen, 665 ; *Union Bank* v. *Emerson*, 15 Mass. R. 159. For the present, I shall consider the fixtures as included in the mortgage ; and hold the bill to be properly filed for an injunction to prevent the commission of waste by a removal whic h may impair the mortgage security.   The motion to dissolve the injunction is denied.

With respect to the motion made by the complainant for a receiver.   The object of the bill is not a sale of the mortgaged property.   No part of the debt is yet due.   No default has yet been made in the payments.   It is merely to prevent waste; and the injunction answers the purpose, being the appropriate remedy.   I find no case where the court has gone further and appointed a receiver,(a) unless there is to be a sale, or the mortgage is to be foreclosed.   The mortgagor is entitled to possession until default in payment.   Besides, the defendant's affidavits show they are about to reinstate the works, and have paid up the ground rent.   If a receiver should be appointed, he would have to carry on the business of the factory.   This the court will not attempt to do.   The defendants have a right to proceed with the business without interruption, until a default in payment occurs.   Hence, the court cannot, at present, appoint a receiver.   This motion is also denied.

The costs, on both applications, are to abide the event of the suit.

(a) See Edwards on Receivers, 445.