WILLIAM Y. RIPLEY *v.* THOMAS PAIGE.

RUTLAND,
January,
1839.

Parol testimony is not admissible to prove that a contract, reduced to writing, for the sale of certain property, was intended to embrace property not mentioned in the writing, nor that other property was to pass upon the same consideration which the writing has limited to the property specified in it.

*It seems,* that a conveyance of land, in the usual form, will pass rails and other fencing materials distributed upon the land, if it is manifest, from the manner of distribution and other appearances, that they were thus distributed for immediate use in fencing the land.

The admission of a party is evidence against him according to its terms; and it is error merely to instruct the jury that they should not regard an admission in general terms as evidence, unless it had a particular reference, even though the party relying upon it would have it understood with that reference. Such a charge implies that the reference must be shown by evidence beyond the admission itself.

TROVER, for a quantity of cedar posts and rails. Plea, general issue.

Upon the trial in the county court, the plaintiff gave evidence tending to show that previous to the 8th of September, 1836, he owned the posts and rails in dispute, and that the same were upon a farm owed by him in Middlebury; that a negotiation was entered into by the plaintiff and defendant, on the 8th of September, 1836, by which the plaintiff agreed to sell his farm in Middlebury to the defendant for the sum of $18,000, and agreed to deliver to the defendant a deed of said farm, on the first day of October following, upon the payment of a certain sum of money and certain securities, which agreement was in writing, and signed by the parties, but nothing was said in the written agreement about the cedar posts and rails.

The defendant offered testimony tending to prove that, at the time when said agreement and writing were made, it was agreed by the plaintiff and defendant that the posts and rails, mentioned in the plaintiff's declaration, should pass with the farm, and were a part of the property for which the defendant was to pay the said sum of $18,000; that the posts and rails were intended for the use of the farm; that the rails were distributed, in piles, along the road side, for the purpose of building fence on the land, which testimony was objected to by the plaintiff and excluded by the court.

The defendant also introduced testimony tending to prove,

that, in pursuance of the contract aforesaid, the plaintiff did execute and deliver to the defendant a deed of his farm and offered testimony tending to prove that the plaintiff, after the execution and delivery of the said deed, admitted that he had sold to the defendant the posts and rails in question, and requested the court to charge the jury, that they might find, from such testimony, that the posts and rails had been sold by the plaintiff to the defendant. But the court refused to so charge the jury, but charged them that such testimony was not sufficient to prove a sale of said posts and rails, unless it had reference to some contract different from that expressed in the writing and upon some other consideration, whereupon the defendant submitted to a verdict for the plaintiff, with leave to except to the foregoing decisions and charge, and the defendant excepted.

*S. S. Phelps*, for defendant.

1. The parties reduced to writing such part of their agreement as the statute required to be reduced to writing. That part of the property which was tranferrable without a written contract or deed, was left by the parties upon their parol agreement. 3 Stark. Ev. 1049.

2. If the defendant was not at liberty to give evidence of the sale of the posts and rails, because the consideration was specified in the written agreement, yet, the plaintiff, having executed his contract of sale and delivered the posts and rails, he could not afterwards sue the defendant for a conversion of that property which he had delivered to the defendant.

3. The testimony offered by the defendant and excluded by the court, consisted of admissions of the plaintiff that he had sold the posts and rails to the defendant, and was independent of the written contract, *or* was the *parties'* construction of their agreement, and should have been left to the jury.

4. The posts and rails were upon the land, conveyed by *deed* by the plaintiff to the defendant, and distributed for a fence, and are to be treated as fence and pass with the land as appurtenant thereto.

*P. Smith and S. Foote*, for plaintiff.

1. As the posts and rails are not mentioned in the writing,

signed by the parties, parol testimony was inadmissible to prove they were included in the purchase of the farm.

2. The court were correct in deciding that the subsequent admission of the plaintiff, that he had sold the posts and rails to the defendant, was insufficient to warrant the jury in finding a sale, unless it had reference to some other contract than that expressed in the writing;

The opinion of the court was delivered by

ROYCE, J.—The written agreement described the sum therein mentioned as being the consideration, or agreed price for the farm, and for that only. And, hence, extrinsic evidence to show that any subject matter not legally appertaining to the farm, or parcel of it, was also to pass by the same contract, or upon the same consideration, would necessarily operate to vary the description and effect of that contract. The parol testimony, in the present case, so far as it was offered for that purpose, was therefore properly excluded. But the defendant offered further to show, that, when the written contract was entered into, and until after the conveyance was made, the rails, now in dispute, were distributed upon the farm for the purpose of being there erected into fence ; and the rejection of that evidence is also noted as a ground of exception.

The alleged condition of the rails, at the period in question, was a proper subject of proof, *aliunde*, provided it could be made material in effecting the operation of the written contract or the deed; in other words, if it should result, from their situation at the time, that they were manifestly intended to pass with the farm, as being substantially a part of it. Upon this branch of the case, we are inclined to regard the rails, if it was evident from the manner of their distribution upon the land, and other appearances, that they were designed for immediate use in fencing the land, as we should the materials of a fence accidentally fallen down, or of one purposely taken down to be immediately reconstructed, or those of an intended wall distributed in like manner. As fences always pass by a deed of the soil on which they stand, if the grantor has an unrestricted right to convey both, so we are disposed to think that such materials for a fence, may, in all these cases, as against the grantor, be treated as being with-

RUTLAND,
January,
1839.

Ripley
v.
Paige.

in the operation of his deed. But as the offer of the defendant was too general to be fully satisfactory, and as this question does not affect the whole property in controversy, we rest our decision mainly upon another point in the case.

It is stated that the defendant introduced evidence tending to prove, that, after the deed of the farm was executed, the plaintiff admitted that he had sold the posts and rails in question to the defendant. The court were requested to charge the jury, that, from such admission, they were at liberty to find a sale of the property. It is stated that the court refused so to charge, but instructed the jury that this evidence was not sufficient to prove such a sale, unless it referred to some contract distinct from the written agreement relating to the farm, and upon some other consideration. If it is conceded that the posts and rails were only to be regarded as loose chattels, (and in discussing this point we proceed upon that ground) the proposition contained in the charge would be legally correct ; and yet, considered in connexion with the request which drew it forth, it would manifestly tend to lead the jury to an improper conclusion. The instruction asked was not that a sale of these articles, by force of the written contract, or by operation of the deed, or even upon the same consideration, might be found from the admissions, but simply that a sale might be found. The admission being general, not expressly referring to either of those instruments, the request, in substance, was, that it might be treated as evidence according to its terms. Now there is no probable ground to infer that the jury were further instructed, that, from the admission, unexplained, they might infer a sale distinct from the written contract ; because, if that was a part of the charge actually given, we cannot suppose it would have been omitted by the court in certifying the exceptions, or indeed that any exception upon this ground would have been thought of. The charge would then have been substantially what was requested,and this, it is said, the court refused to give. The charge must, therefore, be understood to imply that such independent contract of sale should be made to appear, and that by evidence beyond the admission itself. It was deciding, in effect, that to entitle the defendant to any benefit from the admission, it was incumbent upon him to

show some contract, distinct from that in writing, to which the admission had particular reference. It seems to have been assumed that the confession referred entirely to the written agreement, so long as no other and distinct contract was disclosed. We think the plaintiff was not entitled to such a presumption, from the evidence, and that the admission should have been left to have its proper influence, as such, unless explained and counteracted by other testimony. It should appear that it did, in fact, refer to the written contract, or to the deed, if the plaintiff would seek, upon that ground, to obviate its effect. And if the fact admitted was inconsistent with the legal operation of the written agreement and the subsequent conveyance, the admission might surely be taken, in the absence of evidence to explain it, to have referred to some contract of sale which was effectual to pass the property.

RUTLAND,
January,
1839.

Ripley
v.
Paige.

Judgment of the county court reversed.