19   317
134a  490

### GARDNER *vs.* FINLEY and GARLINGHOUSE.

In an action against two or more to recover damages for wrongfully detaining personal property, each defendant is a competent witness for his co-defendant.

There is no relaxation, as between a mortgagor who has erected fixtures on the land, subsequent to the mortgage, and the mortgagee, of the general rule of the common law which prevails between vendor and vendee, that whatever is fixed to the freehold thereby becomes part of it.

Therefore, where a mortgagor, subsequent to the execution of the mortgage puts machinery and other fixtures into a mill upon the mortgaged premises, the purchaser of the premises, at a foreclosure sale, will acquire title to the fixtures as being a part of the real estate.

By the severance of machinery and other fixtures from a mill, the same becomes personal property, and the owners may recover damages for the wrongful detention thereof.

MOTION by the defendants for a new trial, upon exceptions taken at the trial. The action was brought against the defendants jointly for wrongfully detaining personal property from the possession of the plaintiff. There was no claim for a wrongful taking. The property consisted of mill stones, conveyers, water wheels, saws, and other machinery belonging to and used in, the Bates mills, at the foot of Canandaigua lake. The plaintiff purchased the Bates mills, on the 20th of November, 1852, at a sale thereof on the foreclosure of a mortgage exected by the defendant Garlinghouse to one Alfred B. Field, and still owned the same. The property in question was put into the mill, by Garlinghouse, previous to the plaintiff's pur-

chase of the premises. The plaintiff claimed title to it as having by annexation, become part of the real estate, and as such subject to the mortgage, and as being therefore embraced in his purchase at the foreclosure sale. The property was taken from the mills, by the defendants, on the 25th of March, 1853. It was returned about the 12th of April, though it was not all put back in its place before the 27th or 28th of that month. The plaintiffs, under objection, proved that the expense of taking the property, by the sheriff, and putting it back in the mills, was about $125; and that the loss from the property being away, could not have been less than $3 per day. The defendants offered in evidence a quitclaim deed of a portion of the Bates mill property, including the mills, from Garlinghouse to L. W. Smith, dated May 22, 1852, and offered to prove that from and after the date of that conveyance Garlinghouse occupied the premises as the tenant of Smith, and that the articles of property claimed by the plaintiff were put into the mills by Garlinghouse while holding as such tenant, and for his own use and benefit; and insisted that the rights of the defendants should be determined by the rules applicable to the relation of landlord and tenant. The court excluded the evidence, saying it should hold the defendants to the rule as between mortgagor and mortgagee. The defendants' counsel excepted.

The defendants' counsel offered Mathew Finley, one of the defendants, as a witness, to prove that at the time this action was commenced he was the sole owner and possessor of the property in question, and that the defendant Garlinghouse had then no interest in the same as owner or possessor or otherwise. The plaintiff's counsel objected to the admissibility of the defendant as a witness for any purpose, and the court sustained the objection, and the defendants' counsel excepted. The defendants' counsel also offered the defendant Garlinghouse, as a witness, for a similar purpose, and also offered each of the defendants as a witness in the cause generally for the other defendant. The plaintiff's counsel objected that neither of the defendants could be a witness for the other. His honor the justice decided that the defendants could not prove a sale from

one to the other to defeat the action, and that they were each incompetent as witnesses in the cause ; and the defendant's counsel again excepted. The proofs being closed, the defendants' counsel objected and insisted that the plaintiff had proved no title to the property in question, and especially to the patent mill, and the buzz saws and machinery put in the new building by the defendant Garlinghouse, and that the plaintiff was not therefore entitled to recover in the action for the said property, or any part thereof. But the court overruled the objection, and held that the plaintiff was entitled to recover for all the property described in the complaint, except the two pairs of scales and the saw mill bars, which he held to be personal property ; to which ruling as to the scales and the mill bars plaintiff's counsel excepted, and to which said ruling and decision the defendants' counsel again excepted. The jury then, under the direction of the court, found for the plaintiff against the defendants, for all the property mentioned in the complaint, except the two pairs of scales and the mill bars, and they assessed the value of the same at $994, with $175 damages for detention and expense of replacing the same, and assessed the value of the property excepted at sixty-four dollars.

*E. G. Lapham*, for the plaintiff.

*S. V. R. Mallory*, for the defendants.

*By the Court*, T. R. Strong, J. According to the recent decision of the court of appeals in *Beal* v. *Finch*, (1 *Kernan*, 128,) each of the defendants was a competent witness for the other, and when offered generally should have been received.

It is quite clear that the admission of evidence of the expense of replacing the property in the mill was error. The evidence must have been allowed upon the idea that the severance of the property from the building was part of the cause of action, and that it was proper to consider the expense of replacing it, in ascertaining the damages occasioned by that act. But this view was a mistaken one. Although the plaintiff claims title

to the property as having by annexation become part of the real estate, and as such subject to his mortgage, and as being therefore embraced in his purchase of the mortgaged premises at the sale in the foreclosure suit, he in this action treats the property as merely personal, and only complains of an injury in respect to it as such. His position is that the property belonged to him as part of the realty; that by its severance and removal it became personal; that the defendants wrongfully detain it as such; and he asks that he may have possession of the property, and damages for the detention. The cause of action is the wrongful detention after the property became personal. No complaint is made of the act of severance and removal, whereby the character of the property was changed from real to personal; nor are any damages claimed for that act. The plaintiff might have made that the subject of an action, but it would have been an action analogous to the old action of trespass for an injury to real estate; a very different action from the present. The evidence in question was acted upon; the expense was allowed by the jury as part of the damages.

I am inclined to think it was properly held at the trial, that the plaintiff acquired title to the property, as part of the real estate as to him, by the purchase of the real estate at the foreclosure sale. The principle of the cases of *Winslow* v. *The Merchants' Ins. Co.* (4 *Metcalf*, 306,) and *Butler* v. *Page*, (7 *id.* 40,) appears to be directly applicable. It is, that there is no occasion for, and therefore is no relaxation as between a mortgagor who has erected fixtures on the land, subsequent to the mortgage, and the mortgagee, of the general rule of the common law, that whatever is fixed to the freehold becomes thereby part of it; the same rule which prevails between vendor and vendee. There is one feature in the present case not existing in those, but it does not, as I think, affect the application of the principle. The mortgagor in this case executed a quitclaim deed of the land before the property in dispute was placed in the mill; but it was done under an agreement by which he was interested to enhance the value of the land, and make the avails of the sale of it as much as possible. I think

the property was so attached to the building as to bring it within the general rule referred to.

There is another class of cases which appear to me decisive in support of the plaintiff's title. In *Lane* v. *King*, (8 *Wend.* 584,) the mortgagee who had purchased the premises at the sale in a foreclosure suit, was held entitled, as against the *tenant* of the mortgagor, under a lease subsequent to the mortgage, to crops of grain growing on the mortgaged premises at the time of the sale. (*See also Aldrich* v. *Reynolds,* 1 *Barb. Ch. Rep.* 613; *Shepard* v. *Philbrick,* 2 *Denio,* 174; *Gillett* v. *Balcom,* 6 *Barb.* 370.)

The property became personal by the severance. (*Morgan* v. *Varick,* 8 *Wend.* 587, *and cases cited.*) And the evidence of a wrongful detention by the defendants jointly, was abundant.

A new trial must be granted, with costs to abide the event

[Monroe General Term, March 5, 1855. *Johnson, Welles* and *T. R. Strong,* Justices.]