### Stephen A. Main *v.* Christian Schwarzwaelder.

*A furnace so placed in a house that it cannot be removed without disturbing brick work of the house adjoining the furnace, and without probably causing a portion of the ceiling to fall; is a fixture, and passes with the realty to a purchaser.*

*Although the rule as to fixtures is relaxed in respect to landlords and tenants; between mortgagor and mortgagee, it is equally as stringent as between grantor and grantee.*

The complaint charged the defendant with a wrongful detention and conversion of a " portable furnace," two feet and nine inches in diameter, which one Dr. Ware had placed in the basement hall of a house owned and occupied by him. It replaced a similar furnace, and was put partially in the open hall, and partially—to the extent of about fifteen inches—in a permanent recession in the brick wall of the building. The old register pipes were used.

The maker, who put up the furnace, testified, that in order to take the same away, it would be necessary to remove " some of the brick work." An architect stated, that there was a hot air chamber in the basement, of the dimensions of two feet six inches by three feet; that there was one cold air flue going into the furnace from the cellar; that there was " a brick flue from the top of the furnace, leading into the first story—it is bricked in—the brick work comes against the sheet iron furnace;" that, to remove the furnace, it would be necessary " to take down the bricks at the side and the ceiling, and the brick flue leading to the second story would come down." A witness said that this was "not a stationary furnace; when we put it up, we took another out, and tore away the bricks at the side to do it, and we plastered a little to connect the furnace with the brick flue; to remove it, it would be necessary to tear away the brick at the side and at the top." A mason was called and testified, that the upper

part of the flue might come down if the furnace were taken out—"I should think the ceiling would come down—the furnace is between six and seven feet high—the ceiling is eight feet high."

The house and lot were sold to the defendant at a sheriff's sale, under—as it would appear—the foreclosure of a mortgage. Subsequently, but before Ware surrendered his possession, he sold the furnace to the plaintiff. The plaintiff demanded the furnace of the defendant, after the latter entered as purchaser into the possession of the house. The defendant answered that he, the plaintiff, might have it if it was his. The Fourth District Court gave judgment for the plaintiff. The defendant appealed.

*Robert Gillen* and *Franklin A. Paddock,* for the defendant.

*Edward M. Boole,* for the plaintiff.

By THE COURT. INGRAHAM, FIRST J.—Dr. Ware, being the owner of a house and lot, put in it a furnace, which was so connected with the house that, in order to remove it, it would be necessary to take down brick work adjoining to it, and would, probably, cause the ceiling to fall; and, in the opinion of some of the witnesses, the flue to the second story might also fall down.

After the furnace was put in, the property was sold, at a sheriff's sale, to the defendant, whether under execution or foreclosure does not appear; but I infer under a foreclosure, because the sale was the 19th of August, 1854, and the defendant was in possession at the time of suit. The principal question is, whether the furnace is a fixture, or whether it can be removed after sale of the property and delivery of possession.

A distinction exists in the application of the rule as to fixtures, when the question arises between landlord and tenant, and when it arises between grantor and grantee. In the former case, the stringency of the rule, that whatever is an-

nexed to the freehold is deemed a fixture, is relaxed in favor of the tenant, so that articles introduced by the tenant, which otherwise would be deemed fixtures, are considered as personal property, if they can be removed without injury to the freehold.

But when the question arises between grantor and grantee, the rule is more strictly enforced; and all things which are necessary to the full and free enjoyment of the freehold, and are in any way attached to it, are held to be fixtures, and pass with it.

A grantor, who sold and conveyed a house and lot in this city, with grates, ranges and furnaces in it at the time of sale, would never be allowed to remove them from the premises after the sale, upon the ground that their removal would not produce any injury to the freehold. But, as between landlord and tenant, a tenant who, during his term, placed such things on the premises, for his own use, might, under the more modern doctrine, be allowed to treat such articles still as personal property, and might, before his term expired, remove such articles, which, under other circumstances, would be adjudged to be fixtures.

In the case of *Colgrove* v. *Dias Saretes*, 2 Barn. & Cress. 76, stoves, grates, ranges and other articles were adjudged to be fixtures. That was a case between grantor and grantee. The same rule, I apprehend, must be applied to a sale under a mortgage as under a direct conveyance of the grantor. The same relation exists, and the conveyance under a mortgage sale is but a conveyance under the authority of the mortgagor. In fact, the case last cited has been held to establish the proper rule as between the mortgagor and mortgagee. (*Langstaff* v. *Meoque*, 2 Adolph. & Ellis, 167.)

I think the furnace in this case, as between Dr. Ware and the purchaser, must be considered as a fixture, passing by the sale to the defendant, and one which the former owner of the land had no right to dispose of as personal property, after the sale to the defendant. In this state it can hardly be said, on a review of the cases, that the courts are disposed to

relax the rule against the grantor as it formerly existed, but the contrary is to be inferred from the late decisions of the Court of Appeals, ·in which it was held, that as between mortgagor and mortgagee, hop poles used during the previous season on a farm, although taken down and laid in heaps, ·separate from the freehold, were to be deemed fixtures, and passed with the land. (*Bishop* v. *Bishop*, 1 Keenan's Rep. 123.)

A full examination of the cases affecting this question may be found in the opinion of the late Justice COWEN, in the case of *Walker* v. *Sherman*, 20 Wend. p. 636. (See, also, *Buckley* v. *Buckley*, 11 Barb. S. C. Rep. 43.)

There may also be doubt as to the proof of conversion. The demand was made by the plaintiff. No authority to take possession seems to have been presented, and no refusal to deliver is shown. The answer was, "that he might have it if it was his;" and this certainly called for some proof of the plaintiff's title before he could rely on such an answer as evidence of a conversion.

Judgment reversed.