## GLIDDEN *v.* BENNETT.

Permanent fences, when erected, become parts of the realty, and pass with it.

Where dower has been set off in a farm, and a partition fence erected between the dower and the rest of the farm, and the tenancy in dower is terminated, the fence passes to the owner of the farm, he owning the reversion of dower.

TRESPASS, *quare clausum.* Plea, the general issue.

The plaintiff owned a farm in which dower was assigned to Mrs. Stevens, a widow, who afterward married the defendant. There were no buildings on the dower.

The plaintiff and the defendant agreed upon a division of fence between the dower and the rest of the farm, and each built one half of the fence according to the agreement. The fence built by the defendant was built in the usual manner, of stakes and boards, thirty-nine rods and seventeen links in length. The defendant's wife died April 6, 1860, and the defendant entered April 23, 1860, and removed the fence built by him from the premises, and appropriated it to his own use.

The court ruled that the plaintiff was entitled to recover the value of the fence removed by the defendant, and submitted to the jury only the question of damages. The defendant excepted, and moved to set aside the verdict; and the questions of law arising upon the case were reserved.

*Wheeler & Hall,* for the defendant.

*Small,* for the plaintiff.

SARGENT, J. It is claimed that the defendant, by his marriage, became a tenant of the premises during his wife's life, and therefore

that he might remove any fixtures placed by him on the land, by the same rule that would apply between landlord and tenant.

But there was evidently no such relation existing between the plaintiff and the defendant. By his marriage the defendant became interested in the lands of his wife during her life; and it seems that he had possession of and occupied and carried on the land as owner, making division of and building the partition fence between himself and plaintiff, as his wife would have done had she remained unmarried; so that the same rule must be applied here that would be applied between vendor and vendee, and executor and heir. By that rule a building or permanent fence could not, of course, be removed from the land.

But the proper view is that this fence was not a fixture, for permanent buildings and fences are more properly considered as parts of the realty than as fixtures. Fences upon land, though attached to the land in many cases by gravity alone, are yet beyond question parts of the realty itself. *Sawyer* v. *Twiss,* 26 N. H. 348; *Ripley* v. *Page,* 12 Vt. 353; *Goodrich* v. *Jones,* 2 Hill 142; *Russ* v. *Barker,* 4 Pick. 239.

*Judgment on the verdict.*