CHANDLER v HAMELL.

(Supreme Court, Appellate Division, Third Department. January 9, 1901.)

VENDEE IN POSSESSION—AUTHORITY.
    A purchaser in possession of land under an executory contract of sale·
    cannot, without consent of the vendor, create a right in a third person to
    erect thereon and remove buildings placed on blocks and posts.

Appeal from St. Lawrence county court.
Action by Herbert G. Chandler against Matilda Hamell. From a.
judgment for defendant, and from an order denying a new trial,
plaintiff appeals. Affirmed.

One Charles Wood, in 1894, made with defendant, Matilda Hamell, an exec-
utory contract for the purchase of a vacant village lot in Ogdensburg. Under
the contract the purchaser went into possession, and he and his successor
in interest continued in possession some four years, and until after the date
of the conversion complained of and hereinafter mentioned as cause of action
herein. Soon after the making of the contract, Charles Wood gave permission
to his wife, Anna Wood, to erect a house on the lot, consenting that she
might remove the structure whenever she desired. She erected a wooden
house without a cellar, resting on blocks or posts, and without other founda-
tion or fastening to the soil. The house was 18x22 feet in dimension, with an
addition 12x14, the main part being a story and a half in height, and suitable·
for rental as a habitation. She did not obtain the consent of the defendant,—
owner of the legal title to the land,—and did not apply for it, but made the·
improvement solely on the consent, license, or agreement with Charles Wood,
the purchaser, by contract. The plaintiff in this action in March, 1898, pur-
chased the interest or right of Anna Wood to the buildings, together with her·
right, if any she had, of removal of the structure from the lot. Soon after
such purchase by plaintiff he was notified by defendant that the contract was
forfeited from failure of payment of the purchase price, and that she claimed
title to the buildings, and refused to permit a removal; hence this action in·
conversion for the value of the buildings.

Argued before PARKER, P. J., and KELLOGG, EDWARDS, MERWIN, and SMITH, JJ.

Malby & Lucey (D. B. Lucey, of counsel), for appellant.

Fred J. Gray, for respondent.

KELLOGG, J. If the facts stated show that the buildings at the time of the alleged conversion were personal property, the plaintiff may have a cause of action; if not, then he has no cause of action. The above statement of facts is as favorable to plaintiff as the proof or the offer of proof at the trial admits of, and presents the single question as to whether a vendee in possession under an executory contract of sale can, by consent or license, create a right in a third person to erect upon the lands of the vendor by contract, and remove at will, buildings of this character, when neither the erection of the building nor its removal has the sanction or consent of the owner of the fee. It is urged that the vendee has by his contract the equitable title, and the exclusive right of possession of the premises, at least until a forfeiture of the contract of sale, and some step has been taken to oust him; that under this right he may lease the premises, or subject them to such use as his needs may suggest; and that this right embraces all the rights of a landlord, so long as it exists. This may be true, or in a measure true; but I find no authority for holding that the rights of the vendor in an executory contract, who is not a party to a lease made by the contract purchaser, are in any way affected by the conditions of the lease, or by the rule which prevails touching the removal of trade fixtures where the relation of landlord and tenant is established. It may be reasoned with a degree of force that, having surrendered the possession with the expectation and intention of its being a permanent surrender, the vendor should be held to be bound by the acts of the vendee disposing of that possession in the usual way; but the courts of this state, so far as I have been able to learn, have hitherto uniformly held otherwise. It is true that Harris, J., in King v. Wilcomb, 7 Barb. 263, used this language, which might be interpreted to justify a different conclusion: "I understand the general rule to be that any one who has a temporary interest in land, and who makes additions to it, or improvements upon it, for the purpose of the better use or enjoyment of it, while such temporary interest continues, may, at any time before his right of enjoyment expires, rightfully remove such additions and improvements;" and he repeated this language in Dubois v. Kelly, 10 Barb. 500; but the cases before him were landlord and tenant cases, and only involved the rule applicable to such cases. This statement, as a general principle, was criticised and disapproved in Ombony v. Jones, 19 N. Y. 240. Referring to it, Comstock, J., says:

"The rule, as thus stated, is, I think, laid down somewhat too broadly. The adjudged cases, I am confident, do not sustain a doctrine so general. On the contrary, the general maxim of the law is that whatever is fixed to the realty becomes a part of it, and partakes of all its incidents and properties. This is the rule even in the relation of landlord and tenant. Many exceptions have been ingrafted upon it, but the rule itself has not been reversed, and therefore it must not be lost sight of."

The court in that case held, however, that the tenant of a hotel,. under a lease with the owner of the premises, might remove therefrom a ballroom erected by the tenant upon blocks or posts, as a trade fixture, this being one of the exceptions to the general rule, and the right is declared to be available only where the relation of landlord and tenant existed.

In Tifft v. Horton, 53 N. Y. 382, Folger, J., states the reason for the exceptions to the rule as declared where the relation of landlord and tenant exists:

"The law makes a presumption in the case of any one making such annexation, and it is different as the interest of the person in the land is different; that is, whether it is temporary or permanent. The law presumes that, because the interest of a tenant in the land is temporary, he affixes for himself, with a view to his own enjoyment during his term, and not to enhance the value of the estate; hence it permits annexations made by him to be detached during his term, if done without injury to the freehold, and in agreement with known usages."

It must be admitted that the reasoning in this opinion goes far to support the contention that the intent of the person making the annexation is to be regarded as controlling, and, taken in that sense, furnishes partial support for the contention of the plaintiff here; but it should be observed that the intention which in that case was being considered was the intention of both the owner of the fee and the person making the annexation, as opposed to the claim of a prior mortgagee that the annexations were as to him accessions to the realty, and therefore subject to the lien of his mortgage.

The critical reader will doubtless discover that the force of the conclusion, if not of the reasoning, in Tifft v. Horton, supra, is seriously weakened, if not wholly destroyed, in McFadden v. Allen, 134 N. Y. 489, 32 N. E. 21, 19 L. R. A. 446. In this latter case the court seems to hold that not only the consent of the owner of the fee, but the consent of the mortgagee also, is necessary to preserve to annexations that property of movability which is the distinguishing feature of the personal in its alliance or association with realty. In the McFadden Case, Follett, C. J., says:

"In determining, as between mortgagor and mortgagee, whether articles are or are not fixtures, the same rules prevail which are applicable to cases arising between grantors and grantees, and, as between mortgagor and mortgagee, the same rules are applicable to articles placed on the mortgaged premises by the mortgagor after the execution of the mortgage. * * * The same rules apply to articles annexed to the premises by a subsequent grantee or vendee in possession under an executory contract to purchase."

And by citation of cases the court seems to approve the rules as adopted by the courts of Massachusetts.

In Inhabitants of First Parish v. Jones, 8 Cush. 189, the language of the court is:

"The term 'land' legally includes all houses and buildings standing thereon. Whatever is affixed to the realty is thereby made parcel thereof, and belongs to the owner of the soil. Things personal in their nature, but prepared and intended to be used with real estate, having been fixed to the realty, and used with it, because part of the land by accession, pass with it, and belong to the owner of the land. It follows that, where there is no agreement to change the legal rights of the parties, materials, when used in building a house, be--

come part of the freehold, and cannot be reclaimed by their original owner, after annexation to the realty, as against the owner of the land to which they have been affixed. Buildings erected on land of another voluntarily, and without any contract with the owner, become part of the real estate, and belong to the owner of the soil."

Hinckley v. Baxter, 13 Allen, 139, was a case of the erection of a building on posts or blocks, with the consent of the owner of the land, and the court held that such consent of the owner of the freehold alone saved the character of the building as personal property, and prevented its being an accession to the realty. So it is seen that the unvarying rule (outside of landlord and tenant cases) is that annexations to the realty, such as the case before us presents, become at once accessions to the soil, and only by agreement or with the consent of the owner of the legal title to the soil can such accession be prevented, and the annexations acquire and preserve the quality of personal property.

The judgment in this case must therefore be affirmed, on the ground that proof did not show, nor did any offer of proof show, or tend to show, that these buildings were erected by Anna Wood with the consent of the defendant, the owner of the soil, or by any agreement made by Anna Wood and the defendant. If all the offered proof on the part of plaintiff had been admitted, and all the proof of defendant objected to by plaintiff had been excluded, the conclusion would have been the same. No fact was or would have been presented which could have raised a question for a jury.

Judgment affirmed, with costs. All concur, except MERWIN, J., not voting.