## DETERMINATION AS TO OWNERSHIP OF FIXTURES INSTALLED BY A LESSEE.

Common Pleas Court of Hamilton County.

THE MARKET NATIONAL BANK V. THE JOS. GOLDBERGER IRON CO.*

Decided, February 19, 1912.

*Fixtures—Railway Tracks and Track Scales Placed upon Leased Property are Personalty, When—Public Policy, Having in View the Encouragement of Trade, Tending to Relax the Old Rule as to Fixtures—Competency of Evidence Relating to an Oral Agreement—Landlord and Tenant.*

1. Spur railway tracks and a track scale, so as to be removable with comparative ease from the freehold, are trade fixtures which may be removed by the lessee installing them there, or by the receiver of said lessee, where the lease contains no provision with reference to such fixtures and no provision that such installations shall become a part of the realty, and a privilege of purchase was given the lessee.

2. In determining the question of whether, in providing facilities for carrying on business on leased property, the intent was that they should be regarded as trade fixtures or otherwise, testimony as to an oral agreement between the landlord and an officer of the lessee

--------

* The circuit court on June 1, 1912, affirmed the judgment in this case in the following memorandum opinion:

"The court is of the opinion that the motion to dismiss the appeal herein is well taken and the same will be sustained.

"In addition, we have examined the evidence and are satisfied that the scales in question are trade fixtures and are properly in the hands of the receiver for sale as personal property."

company that such fixtures were to be regarded as a part of the realty is inadmissible, in the absence of any rule of the company or action by the board of directors which authorized such an agreement, or of any such provision in the written lease.

*A. B. Benedict* and *Pogue & Pogue,* for the receiver.

*Skiles, Green & Skiles* and *Louis B. Sawyer,* for G. M. Skiles.

GORMAN, J.

A receiver for the defendant company was appointed some time ago by this court who took possession of all the assets of the defendant company and proceeded to convert them into money, pay the creditors and settle up the business of the company. Included in the inventory of the assets filed by the receiver is one railroad track scale and tracks, which railroad track scale and tracks are on the premises belonging to G. M. Skiles, and under lease with the privilege of purchase by the defendant company. The receiver was about to sell this scale and the tracks, and G. M. Skiles, the owner of the premises under lease to the defendant company, has now interposed a motion to require the receiver herein to eliminate from sale under the order of the court heretofore made, the said scale and the said tracks.

The evidence heard upon the motion discloses that the scale and tracks were placed upon the premises of Mr. Skiles by the defendant company. The defendant company held a lease upon these premises, which are known as the old Front street pumping station in this city, from G. M. Skiles, dated December 29, 1909, for a term of one year ending January 1, 1910, with the privilege of a renewal of said lease for the further period of one year from the first day of January, 1911, and to be fully completed and ended on the 31st day of December, 1911. During the period of the lease and the renewal thereof, the defendant company had the privilege of purchase for $60,000, during the first year of the lease and for $65,000 during the renewal period of one year. The lessee agreed to surrender the premises on the termination of the lease in as good condition as they were in when the lease was entered into, reasonable wear and tear and unavoidable casualties excepted.

After the lease was executed and the defendant company entered into possession, the defendant company constructed a side track from the Pennsylvania Railroad tracks lying along the side of the property into the premises, and also constructed railroad track scales of very large dimensions, upon which cars and their contents could be weighed. The tracks were laid upon ties on top of the ground and the scales were placed upon a solid concrete and steel foundation sunk into the earth several feet, and rested upon iron chairs which were imbedded in the concrete as the foundation to support the scales. An excavation was made in the floor of the premises several feet deep and the bottom of this excavation was filled with concrete and railroad rails; on the corners and at other places, iron chairs were imbedded and upon these chairs these scales proper were placed and rested thereon. The scales themselves consisted of iron beams with a wooden platform on top, and on top of this wooden floor, railroad tracks connected with the tracks leading into the premises. The scale beams and other parts thereof were connected together.

The evidence shows that the track and ties upon the premises can be removed without any material injury to the real estate and the scales can be removed by unbolting and lifting the same off the chairs and taking out the beams and the weighing arm. The removal of the scale would leave an excavation in the floor of the premises four or five feet deep and seven or eight feet wide, and perhaps twenty feet long. These tracks and scale, as said before, were placed upon the premises by the defendant company at its own cost and expense after taking possession of the property under the lease. Evidence was offered on the hearing and admitted over the objection of counsel for receiver, tending to show that Joseph Goldberger, president of the defendant company, had a conversation with Louis B. Sawyer, trustee and representative of Mr. Skiles, the owner of the property, wherein Goldberger agreed that if permitted to lay the tracks and install scales upon the premises and the company refused to exercise the privilege of purchase under the lease, these tracks and the scale were to remain as a part of the realty.

In laying the tracks and putting in the scale, it was necessary to cut through the stone and brick wall on the east side of the building making an apperture twelve or fifteen feet high and twelve or fifteen feet wide.

There is nothing in the lease providing for the laying of these tracks and the installation of the scale; nor is there any provision therein for these things remaining a part of the realty. In the absence of any agreement concerning the installation of these matters, it is a question of intent whether or not they become fixtures or trade fixtures. The evidence shows that those tracks and scale are carried on the books of the defendant company as assets. The evidence further discloses that these tracks and scale were necessary for the successful prosecution of the business engaged in by the defendant company, to-wit, the purchasing of and dealing in scrap iron of all kinds. Purchases of car load lots of scrap iron were made, shunted into the premises, weighed upon the scale and then unloaded, and other materials taken out in car-load lots.

I am of the opinion, in view of the fact that they were necessary to be used in the defendant's business, the absence of any agreement with reference to them in the lease and all the other attendant circumstances, that they are to be considered as trade fixtures. This opinion, I think, is sustained by the following authorities: 9 N.P.(N.S.), 218, a very able and exhaustive opinion by Judge Hoffheimer, of the Superior Court; *Wagner* v. *C. & T. R. R. Co.,* 22 O. S., 563, which was a case of a railroad company having the right-of-way over land and it was permitted to remove its tracks, bridges and abutments on the premises; *Fortman* v. *Goepper,* 14 O. S., 588; *Brennan* v. *Whittaker,* 15 O. S., 446; *Case F. M. G. Co.* v. *Garvin,* 45 O. S., 289; *Hyman* v. *Gordon,* 21 Bull., 179; 10 C. C., 119; 21 C. C., 284; and a very strong case, *Northern Central R. R. Co.* v. *Canton Co.,* 30 Md., 347, in which the syllabus reads in part as follows:

Syl. "Trade fixtures and buildings for trade, no matter how strongly attached to the soil or firmly imbedded in it,. are treated as personal property and, as such, subject to removal by the person erecting them.

"The road-bed of a railway, the rails fastened to it, and the buildings at the depots are real property; but under certain circumstances they may be trade fixtures and treated as personal property."

The tendency of modern times and more recent decisions, is to permit the tenant to remove all improvements which he has made upon the premises that can be removed at all without material injury to the real estate, however firmly they may be fixed in the soil or however substantial they may be. The reason for this departure from the old doctrine of fixtures is that it has a tendency to encourage trade and is in harmony with the rule of public policy.

Did the agreement made between the owner of the premises and Goldberger, president of the defendant company, give these things the character of fixtures and make them a part of the realty?

While the court admitted the evidence of Mr. Sawyer and Mr. Wolfe as to the conversation between Joseph Goldberger and Mr. Sawyer, representing Mr. Skiles, with reference to the placing of the tracks and scale, I am of the opinion that Joseph Goldberger had no authority to enter into such an agreement. He was the president and general manager of the defendant company, and neither the rules and the regulations nor any actions of the board of directors gave him any power or authority to make any contract or agreement which would impress upon this personal property the character of real estate. The board of directors of the defendant company is the proper body to authorize the execution of such an agreement. See Bradford Belting Company case, 68 O. S., —.

Furthermore this agreement, which would have the effect of making personal property part of the realty, is one that must be in writing, under the statute of frauds, and there was no written agreement produced with reference to this matter; therefore, parol evidence was inadmissible to establish the agreement. Furthermore, the lease between Skiles and the defendant company represents the agreement of the parties with reference to this real estate, and oral evidence which would

have the effect of including in the lease, property which was not included in the written lease, to-wit, the railroad tracks and the scale, is not admissible for the purpose of varying the terms of the written lease. See Section 234, *Browne on the Statute of Frauds;* 22 O. S., 563; *Elwell on Fixtures,* 2d Ed., Ch. 9, p. 513; *Stone* v. *Thaden,* 10 N. Y. Sup., 236; *Jarvis* v. *Jarvis,* 1 Manson's Bankr. Case, 199-201; *Mechelen* v. *Wallace,* 7 Ad. & E., 49; *McLaughlin* v. *Johnson,* 46 Ill., 163; *Ripley* v. *Page,* 12 Vt., 353.

Where the agreement is to the effect that things which would be otherwise fixtures, should be removed from the premises and considered personalty, the rule as to oral testimony is just the reverse of that stated, because this is not an agreement that refers to land. See *Long* v. *White,* 42 O. S., 59.

Considering the case, therefore, with the evidence of Mr. Sawyer and Mr. Wolfe eliminated, I am of the opinion that these tracks and scale are to be treated as trade fixtures or personal property, and that the receiver should be permitted to sell the same and realize thereon for the benefit of the creditors of the defendant company.

The motion will therefore be overruled.